IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03037-GPG

NICK RAUL MEDINA,

    Plaintiff,

v.

DENVER PAROLE OFFICE,
P.O. JULIE DAVID, and
P.O. GENIE CANNAHAN,

    Defendants.

---

ORDER TO DISMISS IN PART
AND TO DRAW IN PART

Plaintiff Nick Raul Medina is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Subsequent to curing certain deficiencies in the initial filings, Plaintiff was granted leave to proceed pursuant to § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110.

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or

asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970). The Court will dismiss this action in part as legally frivolous, for the reasons stated below.

The operative Complaint in this action is the Complaint filed on February 6, 2015. Plaintiff asserts three claims in this Complaint, (1) Abuse of Power by a Person in a Position of Trust; (2) Slander; and (3) Harassments pursuant to 28 U.S.C. § 1983 and 28 U.S.C. § 1343. The events of these claims took place during two separate time periods.

In Claim One, Plaintiff asserts that in 2005, when he was serving a two-year parole sentence for escaping from a mental institution, and in 2013, when he again was serving parole, Defendant Julie David harassed and mentally tortured him in violation of his Eighth Amendment rights. Compl., ECF No.15 at 4. Plaintiff further asserts that Defendant David was offended by Plaintiff's relationship with a "veteran officer," harassed Plaintiff and his wife by making comments about their relationship and making visits to their residence late at night, but then discontinued the harassment after Plaintiff's wife assisted Defendant David with the licensing of her motorcycle at the DMV where she worked. *Id.* Plaintiff contends that Defendant David felt "exposed" by the Plaintiff's wife helping her, may have feared retaliation, and "backed off." *Id.*

Then again in 2013, when Plaintiff was released to parole, Defendant David, along with Defendant Genie Cannahan, were the parole officers who transported him from the Denver Rehabilitation and Diagnostic Center. *Id.* Plaintiff contends that

Defendant David shoved him into the vehicle and told Defendant Cannahan that Plaintiff is a narcissistic punk with too much power and connections, and that he is a thug who compromises "cops." *Id.* Plaintiff further asserts that Defendant Cannahan then intentionally isolated Plaintiff from his support system, by not allowing Plaintiff to attend his brother's funeral service, participate in Christmas celebrations, and to be at the family business. *Id.* at 5. Defendant Cannahan further required Plaintiff to partially disrobe on one occasion. *Id.* Finally Defendants Cannahan and David used their position to terrify him and mentally torture him, resulting in Plaintiff "doing something to jeopardize his parole." *Id.*

Also, in Claim One, Plaintiff asserts that he has named Defendant Parole Office as a party, because a previous parole officer for Plaintiff in 2001 successfully allowed him to complete his parole with minimal problems, but the records of this parole were not available at the parole office. *Id.*

In Claim Two, Plaintiff asserts that Defendant David slandered him in front of his wife during his 2005 parole by telling his spouse he was narcissistic and she should not have left the police department to be with him. *Id.* at 6. During the 2013 parole, Defendant Cannahan slandered Plaintiff to his family members, but more specifically to his girl friend, by stating that he is "no good" and to "get away from him." *Id.* Plaintiff also contends that the Parole Office and P.O. Supervisor Goldberg should have investigated Defendant David and Cannahan's reports, especially since he had no problems with Mr. Goldberg when he was his parole officer in 2001. *Id.*

In Claim Three, Plaintiff asserts the same allegations that he asserts in Claims One and Two to support his harassment claim. As relief, Plaintiff asks that Defendants David and Cannahan be relieved of their jobs and that he be financially compensated.

Other than the reference to the Eighth Amendment in Claim One, Plaintiff does not identify what constitutional rights were violated. Plaintiff identifies his claims as abuse of power by a person in position of trust, slander, and harassment. The Court will construe Plaintiff's claims as follows.

First, Defendant Denver Parole Office is immune from suit under 42 U.S.C. § 1983 action, whether it is a county or state agency. The Denver Parole Office is not a person for § 1983 purposes and if an arm of the state it is protected from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

If the parole office is considered an agency of Denver City and County it is not a properly named defendant, because the parole office is not a separate entity from the city and county, and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Any claims asserted against the Denver Parole Office must be considered as asserted against the Denver City and County.

In addition, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff cannot state a claim for relief against Denver City and County under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff's claim against Defendant Denver Parole Office, therefore, lacks merit

and will be dismissed as legally frivolous.

Second, a claim of slander does not state a cognizable claim under 42 U.S.C. § 1983, because damage to one's reputation is not enough to implicate due process protections. See *Paul v. Davis*, 424 U.S. 693, 701 (1976). Plaintiff's slander claims asserted against Defendants David and Cannahan, including the remarks made to him, and to his wife, family, and girlfriend lack merit and will be dismissed as legally frivolous.

Finally, Plaintiff's harassment claim is a restatement of the allegations he asserts in Claims One, which include his slander claims, and assertions that he was denied associations, subjected to late night visitations, and required on one occasion to partially disrobe. Having determined the slander claim and the claims asserted against the Denver Parole Division are legally frivolous, the only claims that remain involve visitation, disrobing, denial of association, and unnecessary force, which are properly addressed as a violation of Plaintiff's Fourth Amendment rights. These remaining claims will be drawn to a presiding judge and to a magistrate judge.

The Court, however, notes that, even though Plaintiff does not list Matt Goldberg in the caption of the Complaint, he does state Mr. Goldberg, being Defendants David and Cannahan's supervisor, should have investigated their actions. Plaintiff's claims against Mr. Goldberg lack merit for the following reasons.

A person may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

5

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit, (the proper jurisdiction to address constitutional violation claims), against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  Nothing Plaintiff asserts against Mr. Goldberg states that he participated in or directed the denial of associations, late night visitations, or the partial disrobing.  Accordingly, it is

ORDERED that the slander claim and the claims against Defendant Parole Office are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that the remaining claims, construed as properly filed pursuant to the Fourth Amendment, are ordered drawn to a presiding judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this   16th   day of    March         , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court